IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Terryon Cates, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 19-cv-5248 |
| v. | ) |
| | ) |
| Anthony Manning and Douglas Woolfolk, *in their individual capacities*, Cook County Sheriff Thomas J. Dart, *in his official capacity*, and County of Cook, | ) COMPLAINT FOR ) CIVIL RIGHTS VIOLATIONS ) ) ) |
| | ) **Jury Demanded** |
| Defendants. | ) |

## COMPLAINT

Now comes Plaintiff Terryon Cates, by and through counsel, and, against Defendants Anthony Manning, Douglas Woolfolk, Cook County Sheriff Thomas J. Dart, and County of Cook, complains as follows:

### Jurisdiction and Venue

1. This action is brought to redress constitutional violations committed by Defendants Anthony Manning and Douglas Woolfolk, two Cook County Department of Corrections correctional officers.

2. This action arises under the United States Constitution and is brought pursuant to 42 U.S.C. § 1983.

3. Accordingly, this Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District, and, on information and belief, the Defendants reside here.

**Parties**

5. Plaintiff Terryon Cates (hereinafter "Cates") is and was, at all times herein mentioned, a citizen of the United States, residing within the jurisdiction of this Court.

6. Cates, during the time-period of the violations alleged herein, was a pre-trial detainee in the custody of Defendant Cook County Sheriff Thomas J. Dart (hereinafter the "Sheriff"). Cates is not currently being detained.

7. At all times herein mentioned, Defendant Anthony Manning (hereinafter "Manning") was a Cook County Department of Corrections correctional officer acting under color of state law as an employee of the Sheriff. Manning is being sued in his individual capacity. On information and belief, he resides in this district.

8. At all times herein mentioned, Defendant Douglas Woolfolk (hereinafter "Woolfolk") was a Cook County Department of Corrections correctional officer acting under color of state law as an employee of the Sheriff. Manning is being sued in his individual capacity. On information and belief, he resides in this district.

9. At all times herein mentioned, Defendant County of Cook (hereinafter "Cook County") was a duly incorporated government entity in Illinois. Cook County is being named as a necessary party to the lawsuit, given that it is required to indemnify the Sheriff in the event that there is any settlement entered into with him, or judgment entered against him, in his official capacity.

10. At all times herein mentioned, the Sheriff was an independently elected constitutional officer, although the Sheriff's activities were funded by public funds appropriated by Cook County. The Sheriff is being sued in his official capacity.

**Facts**

11. Cates is a United States citizen who currently resides in this District.

12. During August of 2017, Cates was a pre-trial detainee in the custody of the Sheriff.

Cates is not currently being detained.

13. On the night of August 4, 2017, the Sheriff housed Cates in the Cook County Department of Corrections ("hereinafter "CCDOC").

14. However, the next morning, August 5, 2017, CCDOC correctional officers informed Cates that he was going to be transferred to Jefferson County Jail, in Mount Vernon, Illinois, 280+ miles from CCDOC.

15. On August 5, 2017, Manning and Woolfolk were assigned to transport Cates to Jefferson County Jail *via* bus.

16. In relation to that assignment, on the morning of August 5, 2017, Manning and Woolfolk went to the area of CCDOC in which Cates was then being housed, where they handcuffed Cates very tightly.

17. Manning and Woolfolk then took Cates to another area of CCDOC, where they were to board a bus to Jefferson County Jail.

18. On the way to the other area of CCDOC, Cates told Manning and Woolfolk that his handcuffs were too tight, but they simply told him not to worry because the handcuffs would be taken off soon.

19. However, after arriving at the other area of CCDOC, Manning and Woolfolk not only failed to loosen the handcuffs on Cates, but added a "blue box" to them, increasing the pressure on Cates' wrists.

20. Cates then continued asking Manning and Woolfolk to loosen his restraints, but they ignored him and refused to do so.

21. Manning, Woolfolk, and Cates then boarded the bus to Jefferson County Jail.

22. During the approximately-five-hour ride to Jefferson County Jail, Cates complained multiple times to Manning and Woolfolk that his restraints were too tight and causing him extreme

pain.

23. Manning and Woolfolk responded by telling Cates that they could not stop the bus to loosen his restraints.

24. However, during the ride to Jefferson County Jail, Manning and Woolfolk made several stops for personal reasons.

25. There was no legitimate reason for restraining Cates as tightly as Manning and Woolfolk restrained him.

26. There was no legitimate reason for not loosening Cates' restraints both before and during the bus ride to Jefferson County Jail.

27. As a result of Manning's and Woolfolk's actions, Cates has suffered significant harm which continues and is reasonably certain to continue.

28. As a result of Manning's and Woolfolk's actions Cates has suffered a lasting physical injury to his wrist/hand/fingers.

29. As a result of Manning's and Woolfolk's actions, Cates has also suffered financially and emotionally.

30. Manning's and Woolfolk's above-described acts were objectively unreasonable, willful, wanton, intentional, and done with reckless indifference to and callous disregard for Cates' rights. This justifies an award of punitive damages against them, in order to punish them and to deter them and others in similar positions from engaging in similar conduct

31. Cates has also retained attorneys to redress the violations of his rights described herein.

### Count I: Excessive Force
*Against Manning and Woolfolk*

32. Plaintiff realleges the above paragraphs as if fully set forth here.

33. The United States Constitution protects pre-trial detainees from the use of

4

unreasonable force by state actors.

34. Manning and Woolfolk used unreasonable force against Cates when they restrained him too tightly and when they refused to loosen his restraints during the approximately-five-hour bus ride to Jefferson County Jail.

35. Manning and Woolfolk were acting under the color of state law when they used this unreasonable force against Cates.

36. As a result of these actions, Cates suffered harm.

37. Based on the above described facts, Manning and Woolfolk are liable to Cates under 42 U.S.C. § 1983.

38. Manning's and Woolfolk's actions were objectively unreasonable, willful, wanton, intentional, and done with reckless indifference to and callous disregard for Cates' rights.

39. Cates therefore asks that punitive damages be awarded against Manning and Woolfolk in order to punish them and to deter them and others like them from engaging in similar conduct in the future.

WHEREFORE, Cates requests that Manning and Woolfolk be found liable, that judgment be entered against them, and that Cates be awarded all remedies to which he is entitled under the law, including:

    a. pecuniary damages;

    b. compensatory damages;

    c. punitive damages;

    d. attorney's fees pursuant to 42 U.S.C. § 1988;

    e. and costs.

### Count II: Failure to Intervene
*Against Manning and Woolfolk*

40. Cates realleges the above paragraphs as if fully set forth here.

41. To the extent that Manning or Woolfolk did not actually place the handcuffs and/or blue box on Cates, the other did.

42. To the extent that neither Manning nor Woolfolk actually placed the handcuffs and/or blue box on Cates, another unnamed correctional officer did.

43. Placing the handcuffs and the blue box on Cates constituted unreasonable, excessive force, given the tightness with which they were applied.

44. Both Manning and Woolfolk were in the immediate vicinity of Cates when he was handcuffed and when the blue box was applied.

45. Both Manning and Woolfolk knew that Cates was being restrained unreasonably tightly because Cates complained that the restraints were too tight and causing him pain.

46. Both Manning and Woolfolk had realistic opportunities to protect Cates from being restrained too tightly when he was handcuffed and when the blue box was applied.

47. Further, both Manning and Woolfolk were in the immediate vicinity of Cates for hours after the blue box had been applied. They were on the bus with him.

48. Both Manning and Woolfolk knew that Cates' restraints were unreasonably tight before and during the bus ride because Cates complained and told them they were causing him extreme pain.

49. Both Manning and Woolfolk had realistic opportunities to loosen Cates' restraints both before and during the approximately-five-hour bus ride to Jefferson County Jail.

50. However, both Manning and Woolfolk failed to take any reasonable steps to prevent Cates from suffering the harm caused by the excessive tightness of the handcuffs and the blue box.

51. Manning and Woolfolk were acting under the color of state law when they failed to take appropriate action to prevent this harm to Cates.

52. As a result of these actions, Cates suffered harm.

53. Based on the above described facts, Manning and Woolfolk are liable to Cates under 42 U.S.C. § 1983.

54. Manning's and Woolfolk's actions were objectively unreasonable, willful, wanton, intentional, and done with reckless indifference to and callous disregard for Cates' rights.

55. Cates therefore asks that punitive damages be awarded against Manning and Woolfolk in order to punish them and to deter them and others like them from engaging in similar conduct in the future.

WHEREFORE, Cates requests that Manning and Woolfolk be found liable, that judgment be entered against them, and that Cates be awarded all remedies to which he is entitled under the law, including:

    a. pecuniary damages;

    b. compensatory damages;

    c. punitive damages;

    d. attorney's fees pursuant to 42 U.S.C. § 1988;

    e. and costs.

### Count III: Indemnification
*Against the Sheriff and Cook County*

56. Cates realleges the above paragraphs as if fully set forth here.

57. Pursuant to 745 ILCS 10/9-102, the Sheriff, as a local public entity, is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorneys' fees and costs) for which an employee, while acting within the scope of his or her employment, is liable.

58. The acts and/or omissions of Manning and Woolfolk alleged herein were committed within the scope of their employment for the Sheriff.

59.　In the event that a settlement is entered into with, or a judgment is entered against, Manning and/or Woolfolk for compensatory damages, the Sheriff must pay the settlement or judgment, as well as any associated attorneys' fees and costs.

60.　Further, pursuant to 745 ILCS 10/9–102, in conjunction with other state law, Cook County is required to pay any judgment entered against the Sheriff in his official capacity or any settlement entered into with the Sheriff in his official capacity.

61.　In the event that a judgment is entered against the Sheriff in his official capacity or a settlement is entered into with the Sheriff in his official capacity, Cook County must pay the judgment or settlement.

WHEREFORE, Cates requests that the Sheriff be ordered to pay him the full sum of any settlement entered into with, or judgment against, Manning and/or Woolfolk, excluding any amount for punitive damages, and that Cook County be ordered to pay Cates the full sum of any settlement entered into with, or judgment against, the Sheriff in his official capacity.

## Jury Demand

62.　Cates demands trial by jury.

Respectfully submitted,

s/ Steven J. Molitor
One of Plaintiff's Attorney

Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022 | Fax: 312-697-0812
smolitor@julieherreralaw.com

8