# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TERRYON CATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19 C 5248 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| ANTHONY MANNING, DOUGLAS ) | |
| WOOLFOLK, COOK COUNTY ) | |
| SHERIFF THOMAS J. DART, in his ) | |
| official capacity, and COUNTY OF ) | |
| COOK, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Terryon Cates brings this civil rights action pursuant to 42 U.S.C. § 1983 against two Cook County Department of Corrections officers, asserting claims of excessive force and failure to intervene, and against Cook County and its Sheriff, Thomas J. Dart, seeking indemnification of the officers. Cook County and the Sheriff have moved to dismiss, or in the alternative, for an order in lieu of answering. For the following reasons, the motion is denied.

## BACKGROUND

In his complaint, plaintiff alleges that defendants Anthony Manning and Douglas Woolfolk were Cook County Department of Corrections officers who transported plaintiff from Cook County to the Jefferson County Jail in Mount Vernon, Illinois, on August 5, 2017. According to plaintiff, Manning and Woolfolk handcuffed plaintiff excessively tightly, despite his complaints, causing extreme pain throughout the five-hour bus ride and lasting physical injury to his wrist, hand, and fingers.

In Counts I and II of his complaint, plaintiff asserts claims against Manning and Woolfolk for excessive force and failure to intervene, in violation of his constitutional rights, pursuant to 42 U.S.C. § 1983. In Count III, he asserts a claim against Cook County and the Sheriff of Cook County for indemnification pursuant to 745 ILCS 10/9-102.

## ANALYSIS

"A motion under Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

"Section 1983 creates a 'species of tort liability,'" *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 417 (1976)), against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution," 42 U.S.C. § 1983. The due process clause of the Fourteenth Amendment prohibits any use of excessive force against pretrial detainees, *i.e.*, any use of force that is objectively unreasonable under the circumstances in relation to any legitimate governmental purpose. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473-74 (2015). Further, an officer violates a detainee's constitutional rights by failing to intervene in another officer's use of excessive force if he had a realistic opportunity to prevent it but failed to do so. *See Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000); *see Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (citing cases).

Under Illinois law, a "local public entity" such as a county or a sheriff's office is required to indemnify its employees for any tort judgment or settlement for which they become liable while acting within the scope of their employment. 745 ILCS 10/9-102 ("A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable.")

Defendants Cook County and the Sheriff of Cook County move to dismiss the County from the case because the indemnification claim against it is unnecessary and premature, or alternatively, for an order relieving the two moving defendants of the responsibility to answer plaintiff's complaint or participate in discovery.

## I. INDEMNIFICATION CLAIM AGAINST COOK COUNTY

Defendants argue that Cook County's participation in this suit is unnecessary or at least premature until there has been a judgment or settlement of the claims against at least one of the other defendants. According to defendants, the mere fact that the County may have to indemnify the other defendants for any judgment entered against them does not suffice to state a claim against Cook County at this early stage.

Plaintiff responds that, given that the indemnification claim against the Sheriff is appropriate (defendants do not contend otherwise), the indemnification claim against Cook County is not only appropriate, but the County is a required party under Federal Rule of Civil Procedure 19.

Both sides focus on whether Cook County is a required party under Rule 19, but this emphasis is misplaced because, even if Cook County is not a required party under Rule 19 at this stage, *see Askew v. Sheriff of Cook Cty., Ill.*, 568 F.3d 632, 637 (7th Cir. 2009), it does not follow that the claims against the County should be dismissed. It is well established that a § 1983 plaintiff need not wait to "proceed under section 9-102 until [a] judgment against [an individual defendant has] bec[o]me final." *Wilson v. City of Chicago*, 120 F.3d 681, 685 (7th Cir. 1997). In *Wilson*, the Seventh Circuit explained that the situation is analogous to a tort victim's "typical move" of not only suing the tortfeasor but also seeking a declaratory judgment against the tortfeasor's insurer (which is "in effect" what a municipal employer is under section 9-102, with respect to any judgment against its employees), a move that is "not invalidated by its conditional character." *Wilson*, 120 F.3d at 685 (citing *Bankers Tr. Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 680-82 (7th Cir. 1992)). The Seventh Circuit was unable to "see any benefit from forcing [the plaintiff] to wait until a final judgment was entered," because all that would accomplish "would be delay

4

and maybe a little more paperwork." *Wilson*, 120 F.3d at 685. Thus, if the County may end up required to pay any judgment for which Manning and Woolfolk become liable in this case, then plaintiff may assert a section 9-102 claim against Cook County from the outset.[1]

Defendants argue that plaintiff's claim against Cook County is superfluous because of the presence of the Sheriff; according to defendants, there is no need to join both the Sheriff and Cook County. But the Court agrees with plaintiff that, if he can assert a claim against the Sheriff at the outset, he can state a plausible claim against the County as well, given "the peculiar relationship created by the Illinois statutory scheme between a sheriff's office and the county," which makes the County the party that is ultimately responsible for funding any judgment plaintiff might win. *See Klingler v. City of Chicago*, No. 15 C 1609, 2017 WL 4742192, at *2-3 (N.D. Ill. Oct. 20, 2017). The Illinois Supreme Court explained in *Carver v. Sheriff of La Salle County*, 787 N.E.2d 127, 138 (Ill. 2003), that the "office of sheriff" is a "local public entity" under section 9-102, and therefore, the sheriff has the authority to "pay any judgment or settlement . . . for which the office of the sheriff is liable." However, the "statute is silent with respect to the specific mechanism for funding the judgment," and the sheriff, who, unlike the county, "lacks the authority to levy taxes or establish a budget," relies on "public funds appropriated to it by the county board." *Id.* "[U]nder this statutory scheme," the Illinois Supreme Court concluded, "the county is obligated to provide funds to the county sheriff to pay official capacity judgments entered against the sheriff's office." *Id.* And a section 9-102 claim against a sheriff arising out of the wrongdoing of sheriff's office

---

[1] Defendants cite a couple of district court cases stating that "section 9-102 claims are strictly relegated to the post-judgment stages of litigation," *see Atlas v. City of N. Chicago*, No. 03 C 4814, 2004 U.S. Dist. LEXIS 3995, *15 (N.D. Ill. March 11, 2004), *Concealed Carry, Inc. v. City of Chicago*, 02 C 7088, 2003 U.S. Dist. LEXIS 17425, *25 (N.D. Ill. September 30, 2003), but these cases cite neither *Wilson* nor any other binding precedent, and they appear to be rooted in a pre-*Wilson* district court's interpretation of the statute. The Court therefore finds these cases unpersuasive.

employees such as Manning and Woolfolk[2] is an "official capacity" claim against the sheriff. *Wallace v. Masterson*, 345 F. Supp. 2d 917, 926 (N.D. Ill. 2004); *see Klingler*, 2017 WL 4742192, at *3.

Defendants insist that permitting plaintiff to proceed against Cook County is inconsistent with *Askew*, 568 F.3d at 637, in which the Seventh Circuit stated, in a suit brought by a pretrial detainee against a Cook County correctional officer, that the Sheriff was a necessary party but the County was not. It may well be that the County is not a necessary party, but defendants have not explained, and the Court does not see, why it follows from the fact that the County is not a necessary party under Rule 19 that the County must be dismissed on a Rule 12(b)(6) motion for failure to state a claim. In considering a Rule 12(b)(6) motion to dismiss, the Court considers whether the claim is plausible, assuming the allegations of the complaint are true. If plaintiff's allegations are true, then it is plausible that Cook County might be required to fund judgments against Manning and Woolfolk, and *Askew* is not to the contrary. Indeed, § 1983 plaintiffs routinely assert section 9-102 indemnification claims against municipalities simultaneously with the underlying claims against the individual officers who may have harmed them. *See Vinson v. Vermilion Cty., Illinois*, 776 F.3d 924, 930 (7th Cir. 2015) (explaining, upon reversing district court's Rule 12 dismissal of § 1983 claims against two sheriff's departments' employees and reinstating claims against them, that the claims against the counties "must also be reinstated," citing *Wilson*, 120 F.3d at 685); *Stevenson v. City of Chicago*, No. 17 C 4839, 2018 WL 1784142,

---

[2] *See Cherry v. Cook Cty. Sheriff's Office*, No. 15-CV-11206, 2016 WL 6995562, at *1 (N.D. Ill. Nov. 30, 2016) ("[T]the Cook County Sheriff's Office and the Cook County Department of Corrections . . . are not separate legal entities from the Cook County Sheriff."); *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979) (explaining that Cook County Department of Corrections has no "separate legal existence independent of the . . . Sheriff's office" because it is "created within the office of the Sheriff, its powers and duties are exercised under the direction of the Sheriff, and its executive director shall serve at the pleasure of the Sheriff.") (internal citations and quotation marks omitted).

at *11 (N.D. Ill. Apr. 13, 2018) (St. Eve, J.) (denying motion to dismiss a section 9-102 indemnification claim because, although there had been "no finding of liability[, u]nder Seventh Circuit law, . . . it does not follow that the Court should dismiss this claim before judgment becomes final," citing *Vinson* and *Wilson*); *Esparza v. Dart*, No. 14 CV 1390, 2014 WL 5628050, at *3 (N.D. Ill. Nov. 4, 2014) ("Even though a cause of action for indemnification does not accrue until after judgment is entered, it is well established in this circuit that a plaintiff can bring an indemnification claim parallel with the underlying claim."); *Williams v. City of Chicago*, No. 11 C 1105, 2014 WL 3787422, at *6 (N.D. Ill. July 30, 2014) ("Since *Wilson,* courts in this district routinely have allowed plaintiffs to file Section 9-102 indemnity claims prior to the finding of municipal liability."). Defendants provide no authority validly supporting their argument that plaintiff may not be permitted to continue this longstanding pleading practice.

Just as a tort victim may (but need not) include an insurance company in a lawsuit against its insured, *see Wilson*, 120 F.3d at 685 (citing *Bankers Tr.*, 59 F.2d at 680-82), a § 1983 claimant may include the county in a lawsuit against a sheriff's office employee. *Id.*; *cf. Askew*, 568 F.3d at 637. The section 9-102 claims against the County are therefore proper even at this early stage, and defendants' motion to dismiss the County from this suit is denied.

## II. ORDER EXEMPTING SHERIFF DART AND COOK COUNTY FROM ANSWERING COMPLAINT OR RESPONDING TO DISCOVERY REQUESTS

Alternatively, the moving defendants argue that it serves no useful purpose to require either of them to participate in this lawsuit by answering the complaint and exchanging discovery when their interest in it is purely as indemnitors. Rather, defendants contend, any such efforts amount to no more than a mere waste of resources. Therefore, defendants seek an order relieving them of these obligations.

7

The Court is not persuaded. The order the moving defendants seek is tantamount to dismissal; but as the Court has already explained, dismissal is inappropriate because plaintiff has stated claims that are plausible, even if they are "indeterminable" at this early stage. *See Stevenson*, 2018 WL 1784142, at *11. There is no undue burden in merely answering the complaint, and the Court agrees with plaintiff that the Court's normal processes for limiting discovery to what is relevant and proportional to the needs of the case under Rule 26 are adequate to protect the moving defendants against overly burdensome discovery requests. Further, defendants may well have certain information that is of use in determining the merits of plaintiff's claims, in which case the order defendants seek may hinder the speedy resolution of this case rather than protect against a waste of resources. For these reasons, the Court denies defendants' motion for an order in lieu of answer relieving them of their discovery obligations.

## **CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss [20] is denied.

**SO ORDERED.**                                              **ENTERED:  April 14, 2020**

_____
**JORGE L. ALONSO**
**United States District Judge**